# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM LINDSEY, M.D., ) | )  |
| and ) | ) Civil Action No. 1:20-cv-811 |
| BEST PREMIERE MEDICAL SERVICES, PLLC; ) | ) |
| Plaintiffs, ) | ) |
| vs. ) | ) |
| VIRGINIA SURGICAL HAIR CENTER, INC., ) | ) |
| and ) | ) |
| LINDA CARNAZZA ) | ) |
| Defendants. ) | ) |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, William Lindsey, M.D. and Best Premiere Medical Services, PLLC (collectively, "Plaintiffs"), by their attorneys, bring this original Complaint for false designation of origin, federal and State unfair competition, violations of the Virginia Consumer Protection Act of 1977, tortious interference with a prospective economic advantage and a violation of Dr. Lindsey's right of publicity, and hereby allege as follows:

## PARTIES

1. Plaintiff William Lindsey, M.D. ("Dr. Lindsey") is an individual citizen of the United States who resides and is domiciled in the Commonwealth of Virginia with a principal place of business at 1479 Chain Bridge Road, Suite 100, McLean, Virginia 22101.

2. Plaintiff Best Premiere Medical Services, PLLC ("Best Premiere") is a professional limited liability company organized under the laws of the Commonwealth of Virginia with a place of business at 1479 Chain Bridge Road, Suite 100, McLean, Virginia 22101.

3. On information and belief, Defendant Virginia Surgical Hair Center, Inc. ("VSHC") is a company organized under the laws of Virginia with a principal place of business at 324 Louisa Avenue, Suite 118, Virginia Beach, Virginia. On information and belief, VSHC's principal place of business is located at 1313 Dolley Madison Blvd., Suite 203, McLean, Virginia 22101.

4. On information and belief, Defendant Linda Carnazza ("Ms. Carnazza") is an individual citizen of the United States with a place of residence in Virginia.

## JURISDICTION

5. This is an action for injunctive and monetary relief arising under the Trademark Act, 15 U.S.C. § 1051 *et seq.,* and also for violations of the Virginia Consumer Protection Act of 1977 (Va. Code § 59.1-196 *et seq.*), unfair competition under the common law of Virginia, tortious interference with a prospective economic advantage under Virginia common law, and misappropriation of right of publicity under the statutory law of Virginia (VA. Code § 8.01-40). The State law claims in this action arise out of the same operative facts as the substantive federal claim to which they are joined.

6. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this case arises under the Lanham Act, 15 U.S.C. § 1051 *et. seq*. This Court has supplemental jurisdiction over all state law and common law claims in the civil action pursuant to 28 U.S.C. § 1367 because the state or common law claims are so related to claims over which this court has original jurisdiction that the state

law and common law claims form part of the same case or controversy under Article III of the United States Constitution.

7.  This Court may exercise personal jurisdiction over the Defendant VSHC because it is incorporated and has its principal place of business in this State and District. On information and belief, this Court may exercise personal jurisdiction over the Defendant Ms. Carnazza, who on information and belief is a resident of Virginia.

## FACTUAL BACKGROUND

8.  Dr. Lindsey received a Bachelor of Science degree in 1986 from the University of Richmond, and graduated from the University of Virginia Medical School in 1990. He completed his residency training in Otolaryngology-Head and Neck Surgery at UVA in 1995. Following his residency, he completed a specialized fellowship in facial plastic and reconstructive surgery under the auspices of the American Academy of Facial Plastic and Reconstructive Surgery Fellowship in South Carolina. At the conclusion of his fellowship, Dr. Lindsey returned to the University of Virginia as an assistant professor in the Department of Otolaryngology for 4 years. He moved to Northern Virginia in 2000 to practice Hair Transplantation and facial plastic surgery and joined the staff at George Washington University Medical Center.

9.  Dr. Lindsey received his board certification from the American Board of Otolaryngology-Head and Neck Surgery in 1996 and from the American Board of Facial Plastic and Reconstructive Surgery in 1999. Dr. Lindsey is a Fellow of the American College of Surgeons, a Fellow of the American Academy of Facial Plastic and Reconstructive Surgery, and a Fellow of the American Academy of Otolaryngology-Head and Neck Surgery and also a member of the International Society of Hair Restoration Surgeons.

10. Dr. Lindsey has been performing hair transplant surgery since 2000. In 2008, Dr. Lindsey formed Best Premiere; he is its sole owner and manager.

11. Beginning in or about 2000, Plaintiffs Dr. Lindsey and his successor-in-interest, Best Premiere, continuously have used DR. LINDSEY, DR. WILLIAM LINDSEY, LINDSEY MEDICAL and WILLIAM LINDSEY ("the LINDSEY Marks") as service marks in connection with hair transplant surgery services. Each of the LINDSEY Marks now identifies and distinguishes Best Premiere practice as the source for these services, and each of the LINDSEY Marks has become an intrinsic and essential part of the valuable goodwill and property of Best Premiere, and are well-known and established to consumers and in the trade as symbols identifying Best Premiere and its services.

12. Best Premiere promotes its hair transplant practice in a number of ways, including via a website at https://www.drwilliamlindsey.com/ and via social media. An excerpt from the website reflecting use of the LINDSEY Marks is shown below at Figure 1.



**Figure 1**

13.     Dr. Lindsey, for Best Premiere, regularly posts videos on the subject of hair transplant on his WILLIAM LINDSEY channel at https://www.youtube.com/user/charlielindsey1964/videos.  That channel was launched by Dr. Lindsey, for Best Premiere, in 2011 and now features over 300 videos.  These include a video posted in December 2019 on female temple/sideburn hair transplant results that has over 89,000 views and a video from November 2019 on consultations in Richmond, Virginia with over 54,000 views.   An excerpt from the YouTube channel is shown below at Figure 2.



*Figure 2*

14.     As a result of Best Premiere's marketing efforts and longstanding success in the field of hair transplant surgery, there is a valid business expectancy in that Best Premiere has a reasonable expectation of drawing significant numbers of patients from that segment of the general public that has a need or desire for hair transplant surgery services.

15.     In addition to its trademark significance, Dr. Lindsey's personal name also has substantial commercial value in its own right.

16. Defendant VSHC owns and operates multiple hair transplant clinics in Virginia and competes directly with Dr. Lindsey and his practice, principally through its office in McLean Virginia. VSHC's office in McLean is located less than one mile from Dr. Lindsey's office.

17. On information and belief, Defendant Ms. Carnazza is President and principal owner of VSHC, and directs, controls, ratifies, participates in and/or is the moving force behind the acts of infringement, unfair competition and violation of right of publicity complained of herein.

18. Google Ads is an online advertising platform developed by Google, the provider of the internet's best known search engine. Through Google Ads, advertisers pay to display to web users' brief advertisements, service offerings, product listings and video content, and to generate mobile application installs. Among the places in which advertisers can place ads are in the results of Google search engine search results.

19. Google Ads allows advertisers to bid on specific keywords. When a web user conducts a search using that keyword in the Google search engine, Google rewards the advertisers with the highest bids by prominently placing their ads in the top positions on the search results page as "paid ads".

### DEFENDANTS' ACTIONS

20. Defendants compete directly with Plaintiffs, and are now, and all times relevant to this proceeding have been, aware of Plaintiffs' business expectancy.

21. At some time prior to March 2020, Defendants bid or directed an agent to bid on their behalf on a keyword consisting in whole or in part of the term "Dr. Lindsey".

22. A search conducted in the Google search engine on or about March 1, 2020 for the wording "dr lindsey mclean va" yielded the ad shown below in Figure 3 as the first paid result.



*Figure 3*

23. The ad links web users to Defendant VHSC's website at virginiasurgical.com and uses the name and mark DR. LINDSEY as the first term in its ad headline. On information and belief, the ad deceived many actual and potential patients into the mistaken belief that Dr. Lindsey and/or Best Premiere is associated or affiliated with Defendants. Plaintiffs are aware of multiple

instances of actual confusion in which Best Premiere patients first contacted Defendant VHSC or went to Defendant's office in McLean in the mistaken belief that it was Plaintiffs' office.

24. In engaging in the conduct described in paragraphs 21-23, Defendants committed intentional interference inducing or causing a breach or termination of Plaintiffs' business expectancy, and used improper means in the nature of deception and fraud to do so.

25. On March 11, 2020, a nurse from Best Premiere contacted Defendants' office in McLean by telephone to say that she had an appointment scheduled for that day with Dr. Lindsey at a particular time. On information and belief, the call was answered by an employee or owner of Defendants. That person encouraged the caller to come to the address for Defendant's office in Mclean, and advised that they "do all kinds of hair treatments". The caller asked multiple times if she would be meeting with Dr. Lindsey. This question was not answered in the negative. Rather, the person who answered the call kept changing the conversation to address the services provided by Defendant.

26. Defendants' use of the mark DR. LINDSEY has caused irreparable harm to Best Premiere by creating a likelihood of confusion as to the source, sponsorship and/or approval of the services identified by the LINDSEY Marks, and through the depreciation of Best Premiere's valuable goodwill and reputation symbolized by the distinctive LINDSEY Marks. Defendants' unlawful acts, unless restrained, are likely to continue causing such irreparable harm to Best Premiere, and Best Premiere has no adequate remedy at law for this injury.

27. Defendants have deliberately and falsely advertised themselves and their services using Dr. Lindsey's name and the LINDSEY Marks in an effort to poach Plaintiffs' customers.

## COUNT I

### PLAINTIFF BEST PREMIERE AGAINST BOTH DEFENDANTS

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(A))

28. Plaintiffs repeat and reallege paragraphs 1 through 27 as if set forth herein.

29. As a complete and first ground for relief, Defendants' aforesaid acts constitute trademark infringement in violation of 15 U.S.C. § 1125(a)(1)(A), thereby invoking and making available to Best Premiere the remedies provided by 15 U.S.C. §§ 1116—1118.

## COUNT II

### PLAINTIFF BEST PREMIERE AGAINST BOTH DEFENDANTS

### VIRGINIA COMMON LAW UNFAIR COMPETITION

30. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

31. As a complete and second ground for relief, Defendants' aforesaid acts constitute unfair competition, including trademark infringement, under the common law of Virginia, thereby invoking and making available to Best Premiere the remedies of injunctive relief and monetary compensation as provided under the law.

## COUNT III

### PLAINTIFF BEST PREMIERE AGAINST BOTH DEFENDANTS

### VIRGINIA CONSUMER PROTECTION ACT OF 1977 (VA. CODE § 59.1-196 et seq.)

32. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

33. As a complete and third ground for relief, Defendants' aforesaid acts constitute violations of the Virginia Consumer Protection Act of 1977 under Va. Code § 59.1-196 *et seq.*,

thereby invoking and making available to Best Premiere the remedies of injunctive relief and monetary compensation as provided under this law.

### COUNT IV

**PLAINTIFF BEST PREMIERE AGAINST BOTH DEFENDANTS**

**<u>VIRGINIA COMMON LAW TORTIOUS INTERFERENCE<br>WITH A PROSPECTIVE BUSINESS ADVANTAGE</u>**

34. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

35. As a complete and fourth ground for relief, Defendants' aforesaid acts constitute tortious interference with Best Premiere's prospective business advantage, thereby invoking and making available to Best Premiere the remedies of injunctive relief and monetary compensation as provided under the law.

### COUNT V

**PLAINTIFF DR. LINDSEY AGAINST BOTH DEFENDANTS**

**<u>VIRGINIA RIGHT OF PUBLICITY STATUTE (VA. CODE § 8.01-40)</u>**

36. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

37. As a complete and fifth ground for relief, Defendants' aforesaid acts constitute a use of Dr. Lindsey's name without permission for the purposes of trade or advertising in violation of his right of publicity under Virginia Code § 8.01-40, thereby invoking and making available to Dr. Lindsey the remedies of injunction, actual damages and exemplary damages.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff prays for the following relief:

1. Judgment that:

Each of the LINDSEY Marks is valid, enforceable and the exclusive property of Plaintiff Best Premiere; that Defendants have infringed the LINDSEY Marks and competed unfairly with Best Premiere, and that such infringement and unfair competition have been willful; that Defendants have violated the Virginia Consumer Protection Act of 1977; that Defendants have tortuously interfered with Best Premiere's prospective economic advantage; and have violated Dr. Lindsey's right of publicity under Virginia's right of publicity statute.

2. That Defendant VSHC, and each of its officers, agents, servants, employees, successors and assigns, including Defendant Ms. Carnazza, and all persons in active concert or participation with them, be enjoined, preliminarily and permanently, from:

A. Using in any manner the Dr. LINDSEY name and mark, any of the other LINDSEY Marks, or any other mark which so resembles one or more of the LINDSEY Marks, as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product or service which is not authorized by Best Premiere;

B. Using any false or misleading designation of origin which tends to pass off Defendants' services as those of Best Premiere's;

C. Any conduct that otherwise infringes one or more of the LINDSEY Marks or competes unfairly with Best Premiere;

D. Any conduct that violates the Virginia Consumer Protection Act of 1977; and

E. Interfering intentionally and through improper means with Best Premiere's prospective economic advantage.

3. An order directing Defendants to deliver to Best Premiere, for destruction or other disposition, any and all marketing materials or any other printed matter in their possession or

control bearing one or more of the LINDSEY Marks, or any other mark which so resembles one or more of the LINDSEY Marks, including the name and mark DR. LINDSEY, as to be likely to cause confusion, mistake or deception.

4. That Defendants, within 30 days after service of judgment, be required to file with the Court, and serve upon Plaintiffs, a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 2 and 3 above.

5. An accounting of all profits received by Defendants from the unauthorized use of the DR. LINDSEY name and mark in connection with their acts of infringement, unfair competition, consumer deception, tortious interference and breach of Dr. Lindsey's right of publicity.

6. An award of the actual damages sustained by Plaintiffs on account of Defendants' infringement, unfair competition, consumer deception, tortious interference and breach of Dr. Lindsey's right of publicity.

7. That this Court order Defendants to pay treble damages and/or profits in view of their infringement, unfair competition, consumer deception, tortious interference and breach of Dr. Lindsey's right of publicity.

8. That this Court order Defendants to pay exemplary damages and/or profits in view of their violation of Plaintiff Dr. Lindsey's right of publicity.

9. That Defendants pay all costs, disbursements and attorney's fees incurred by Plaintiffs in this matter.

10. That Plaintiffs be awarded interest, including prejudgment interest, for any monetary award of damages.

11. For such other and further relief as this Court deems just and proper.

PLAINTIFFS:

DR. WILLIAM LINDSEY
BEST PREMIERE MEDICAL SERVICES, PLLC

Respectfully submitted,

July 20, 2020   By: _____/s/_____
Michael S. Culver, Esq. (VA Bar # 31386)
Scott J. Major, Esq. (VA Bar #33956)
Millen White Zelano & Branigan, P.C.
2200 Clarendon Blvd., Suite 1400
Arlington, VA 22201
Telephone 703-243-6333
Facsimile  703-243-6410
E-mail:  culver@mwzb.com

*Attorneys for Dr. William Lindsey*
*and Best Premiere Medical Services, PLLC*