UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| WILLIAM LINDSEY, M.D. <br> BEST PREMIERE MEDICAL SERVICES, PLLC, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA SURGICAL HAIR CENTER, INC., <br> LINDA CARNAZZA, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 1:20-cv-811 |

**DEFENDANTS' ANSWER**

The Defendants herein, VIRGINIA SURGICAL HAIR CENTER, INC. and LINDA CARNAZZA (hereinafter jointly the "Defendants"), by and through their undersigned counsel, file their Answer to the Complaint filed by the Plaintiffs herein, WILLIAM LINDSEY, M.D. and BEST PREMIERE MEDICAL SERVICES, PLLC (hereinafter jointly the "Plaintiffs"), as follows:

1. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph No. 1 of the Complaint, and therefore deny same.

2. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph No. 2 of the Complaint, and therefore deny same.

3. Admitted.

4. Admitted.

5. The allegations contained in Paragraph 5 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

1

6. The allegations contained in Paragraph 6 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

7. Admitted.

8. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph No. 8 of the Complaint, and therefore deny same.

9. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph No. 9 of the Complaint, and therefore deny same.

10. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph No. 10 of the Complaint, and therefore deny same.

11. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph No. 11 of the Complaint, and therefore deny same.

12. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph No. 12 of the Complaint, and therefore deny same.

13. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph No. 13 of the Complaint, and therefore deny same.

14. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph No. 14 of the Complaint, and therefore deny same.

15. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph No. 15 of the Complaint, and therefore deny same.

16. Defendants admit that they own and operate multiple hair transplant clinics in Virginia, but deny that they directly compete with Plaintiffs.

17. Denied.

18. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph No. 18 of the Complaint, and therefore deny same.

19. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph No. 19 of the Complaint, and therefore deny same.

20. Denied.

21. Denied.

22. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph No. 22 of the Complaint, and therefore deny same.

23. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph No. 23 of the Complaint, and therefore deny same.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. The allegations contained in Paragraph 29 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

30. Denied.

31. The allegations contained in Paragraph 31 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

32. Denied.

33. The allegations contained in Paragraph 33 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

34. Denied.

35. The allegations contained in Paragraph 35 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

36. Denied.

37. The allegations contained in Paragraph 37 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

## **AFFIRMATIVE DEFENSES**

38. The Complaint fails to plead the requisite elements in Count I (Unfair Competition and False Designation of Origin) under 15 USC § 1125(A)). Plaintiffs have failed to state a claim upon which relief can be granted, and accordingly, the Complaint must be dismissed.

39. The allegedly unfair competitive conduct identified in the Complaint was not caused by any acts of the Defendants, but by other persons not parties to this action. Plaintiffs have failed to join these indispensable parties, and accordingly, the Complaint must be dismissed.

40. Plaintiffs' claims are barred by the doctrines of express consent or implied consent, and accordingly, the Complaint must be dismissed.

41. Plaintiff's claims are barred by Plaintiff's unclean hands, and accordingly, the Complaint must be dismissed.

42. The unfair competition claims that are allegedly based on the Defendants unlawful acts or practice, did not occur and/or were not improper or unlawful, and accordingly, the Complaint must be dismissed.

43. Plaintiffs suffered no injury as a result of the alleged unlawful conduct of the Defendants. Even if an injury occurred, it is barred because Plaintiffs failed to use reasonable means to prevent and/or failed to use reasonable means to mitigate the damages, and accordingly, the Complaint must be dismissed.

44. Plaintiffs' claims fail in whole or in part to the extent they have suffered no damages, and accordingly, the Complaint must be dismissed.

45. Plaintiffs have no protectable rights under 15 USC § 1125(A)), and accordingly, the Complaint must be dismissed.

## PRAYER FOR RELIEF

WHEREFORE the Defendants respectfully requests judgment against Plaintiffs, as follows:

A. Dismissing the Complaint in its entirety, with prejudice;

B. Awarding Defendants their costs and attorneys' fees incurred in defending the instant action; and

C. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

DEFENDANTS BY COUNSEL

_____/s/_____
Juan Chardiet, Attorney at Law
(VSB# 33601)
Chardiet Law LLC
6628 Madison McLean Drive
McLean, VA 22101
T) 703-622-7955/E) juanchar@verizon.net

*Counsel for Defendants*
*VIRGINIA SURGICAL HAIR CENTER,*
*INC. and LINDA CARNAZZA*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 28, 2020, I electronically transmitted this document (Answer) to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants in the case, including the counsel for Plaintiffs:

    Michael S. Culver, Esq. and Scott J. Major, Esq.
    Millen White Zelano & Branigan, P.C.
    2200 Clarendon Blvd/Suite 1400
    Arlington, VA 22201

                                                              _____/s/_____
                                                             Juan Chardiet, Attorney at Law