IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WILLIAM LINDSEY, M.D. and BEST PREMIERE MEDICAL SERVICES, PLLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| VIRGINIA SURGICAL HAIR CENTER, INC, and LINDA CARNAZZA | ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 1:20-cv-00811 (LMB/IDD)

**RULE 16(b) SCHEDULING ORDER**

Because the parties' Proposed Joint Discovery Plan [Dkt. No. 11] adequately addresses the matters that would be discussed during the initial pretrial conference and counsel consent to waiving their appearances at the initial pretrial conference, the initial pretrial conference scheduled for September 23, 2020, pursuant to Rule 16(b) and this Court's September 2, 2020, Order, is cancelled. Upon consideration of the representations made by the parties in their Proposed Joint Discovery Plan, the Court makes the following rulings:

1. All discovery shall be concluded by January 21, 2021.

2. **Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and answers thereto <u>shall not be filed except on order of the court</u>, or for use in a motion or at trial.**

3. No "general objection" may be asserted in response to any discovery demand

1

except to preserve the attorney-client privilege and work product protection.

    4.    Any modifications to this Order, including deadlines of expert disclosures, require the parties to seek leave of Court pursuant to Fed. R. Civ. P. 16(b).

    5.    The parties' Joint Discovery Plan is approved and shall control discovery to the extent of its application unless further modified by the Court.

    6.    All Fed. R. Civ. P. 26(a)(1) disclosures shall be completed by September 25, 2020.

    7.    Any motion to amend the pleadings or to join a party shall be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

    8.    Expert disclosures shall be governed by Fed. R. Civ. P. 26(a)(2) and Local Rule 26(D).

    9.    To the extent either party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

    10.    The following provisions shall apply to the filing and noticing of all motions:

        a. Any motion to file a document under seal must comply with Local Civil Rule 5. Pursuant to Local Civil Rule 5, a notice specifically identifying the motion as a sealing motion must be filed on the public record. There is no need to file a notice of hearing for a motion to seal. A memorandum must be filed stating sufficient facts to support the action sought, and a proposed order must include specific findings. Where a party moves to file material under seal because the opposing party has designated that material as confidential, the

    opposing party must file a response to the motion and a proposed order that meet the requirements of Local Civil Rule 5. Only the particular material found to meet the required standard may be sealed, with the remainder filed in the public record. An unsealed, redacted version of the filing in issue shall be filed with the motion to seal. Filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575–76 (4th Cir. 2004).

b. All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions. All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3). An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be **delivered directly to the attention of the judge at the Clerk's Office** within one day of the electronic filing. *See* "Civil and Criminal Motions Procedures and other Alexandria Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

c. All motions, except for summary judgment and consent motions, shall be noticed for a hearing on the earliest possible Friday before the final pretrial conference consistent with the briefing schedules discussed below. A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above. Any motion to amend the pleadings or to join a party must be made as soon as possible after

  counsel or the party becomes aware of the grounds for the motion.

d. Dispositive motions and motions for patent claim construction shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1) and (K). Local Civil Rule 7(F)(1) provides that a response brief is due 14 days after **service** of the motion and a reply brief may be filed 6 days after the **service** of the response. The periods for filing a response brief and a reply shall apply without regard to the mode of service used for those briefs. Any dispositive motion against a *pro se* party must contain the notice set forth in Local Civil Rule 7(K) and provide the *pro se* party with at least 21 days to file a response opposing the motion.

e. All Fed. R. Civ. P. 12 issues shall be raised in one pleading unless leave of court is first obtained. All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained.

f. All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating whether the non-movant admits or

disputes the fact with appropriate citations to the record. The Court may assume that any fact identified by the movant as undisputed in the movant's brief that is not specifically controverted in the non-movant's brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment.

g. In order to provide for the prompt resolution of non-dispositive matters, a non-dispositive motion may be filed by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday. Under this expedited schedule, a response brief must be filed no later than 5:00 p.m. on the following Wednesday and any reply brief should be filed as early as possible on Thursday to give the court time to review all pleadings before the hearing. This expedited schedule shall apply for non-dispositive motions noticed for a hearing with less than two weeks' notice. If a non-dispositive motion is noticed for a hearing between two and three weeks from the filing date, any response brief must be filed 7 days after service and any reply brief may be filed 3 days after service of the response. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing with three weeks' notice and the briefing schedule provided in Local Civil Rule 7(F)(1) providing for 14 days for a response brief and 6 days for a reply would apply. If a non-dispositive motion is filed and oral argument is waived, any response brief must be filed within 7 days after service and any reply brief within 3 days after service of the response.

5

11.     In the event this case is tried before a jury, each party shall file their proposed jury instructions and *voir dire* five (5) business days prior to trial in accordance with Local Civil Rule 51.  Violation of this Rule will constitute a waiver of objections to any instructions given.  In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

Entered this 18th day of September 2020.

       /s/ Ivan D. Davis
       Ivan D. Davis
       United States Magistrate Judge

Alexandria, Virginia